**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CALEB OUMA ADONGO,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:05-CV-0758-Y** |
| **DOUGLAS DRETKE, DIRECTOR,** | § | |
| **TEXAS DEPARTMENT OF CRIMINAL** | § | |
| **JUSTICE, CORRECTIONAL INSTITUTIONS** | § | |
| **DIVISION,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

### A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B.  PARTIES

Petitioner Caleb Ouma Adongo, TDCJ-CID #1319282, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), and is currently incarcerated at Richmond, Texas.

Respondent Douglas Dretke is the Director of TDCJ.

## C. Factual and Procedural History

On January 14, 2002, in Case No. 0818799D, Adongo pled guilty to felony driving while intoxicated pursuant to a plea agreement and was sentenced to ten years' confinement, probated for ten years, and fined $1,250 in the 371st District Court of Tarrant County, Texas. (State Habeas R. at 23-27, 32-33.) On October 27, 2003, Adongo's probation was revoked, and he was sentenced to four years' confinement. (*Id.* at 35-36.) Adongo appealed the trial court's judgment revoking his probation to the Second District Court of Appeals, which affirmed the trial court's judgment on February 24, 2005. *Adongo v. Texas*, No. 2-03-447-CR, slip op. (Tex. App.–Fort Worth Feb. 24, 2005) (not designated for publication). Although Adongo filed a petition for discretionary review, the petition was struck by the Texas Court of Criminal Appeals for noncompliance with state rules of appellate procedure on June 15, 2005. *Adongo v. Texas*, PDR No. 563-05. Following the revocation of his probation, on November 4, 2003, Adongo also filed a state habeas application for writ of habeas corpus, which was dismissed on January 28, 2004, because his direct appeal was still pending. Adongo filed this federal petition on November 23, 2005.

## D. Issues

Adongo raises four grounds attacking the revocation proceedings. (Pet. at 7-8.)

## E. Rule 5 Statement

Dretke has filed an answer seeking dismissal of Adongo's petition without prejudice on exhaustion grounds, to which Adongo has filed a reply. (Resp't Answer at 4-7.)

## F. Exhaustion of State Court Remedies

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169

F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a postconviction habeas corpus application pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Anderson v. Johnson*, 338 F.3d 382, 388 n.22 (5th Cir. 2003).

Dretke asserts that Adongo's claims presented in this petition have not been properly exhausted in state court because the Texas Court of Criminal Appeals has not had the opportunity to rule on the merits of the claims. (Resp't Answer at 4-7.) Adongo did not comply with state rules of appellate procedure when he filed his petition for discretionary review in the Texas Court of Criminal Appeals, resulting in the petition being struck, and his state habeas application was dismissed by that court because his direct appeal was still pending. In each instance, the Texas Court of Criminal Appeals's decision was procedural, as opposed to substantive, and signifies that the state court did not consider the merits of Adongo's claims. *See Neal v. Puckett*, 286 F.3d 230,

235 (5th Cir. 2002).  Because the state court has not been afforded a fair opportunity to consider the merits of Adongo's claims, the claims are unexhausted for purposes of federal habeas review.  *See Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001).

Accordingly, Adongo must first pursue his state habeas corpus remedies before seeking relief under § 2254.  Absent a showing that state remedies are inadequate, such showing not having been demonstrated by Adongo, he cannot now proceed in federal court in habeas corpus.  *See* 28 U.S.C. §2254; *Fuller v. Florida,* 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972).  Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that Adongo can fully exhaust his state court remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.[1]

## II.  RECOMMENDATION

Adongo's petition for writ of habeas corpus should be dismissed without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.  Any pending motions, not previously ruled upon, should be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file

---

[1]28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court, subject to any applicable tolling.  *See* 28 U.S.C. § 2244(d)(1)-(2).

4

specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 12, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 12, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 21, 2006.


        /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

5